## ROCHELLE INV. CORPORATION v. FONTENOT, Collector of Internal Revenue.

### No. 196 Civil.

District Court, E. D. Louisiana,
New Orleans Division.

. Aug. 5, 1940.

Rosen, Kammer, Wolff & Farrar (by Gibbons Burke), of New Orleans, La., for plaintiff.

Rene A. Viosca, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., for defendant.

BORAH, District Judge.

This action was tried by the Court without the intervention of a jury on an agreed stipulation of facts. Briefly stated, the material facts are these:

On January 2, 1936, R. & L., Inc., with 5,553 shares of capital stock oustanding, owned real estate valued at $964,564.16 and, in addition, owned 2,500 shares of Rochelle Investment Corporation and 10 shares of E. V. R., Inc. On the day aforementioned, by an agreement of merger executed among the directors of R. & L., Inc., E. V. R., Inc., and of Rochelle Investment Corporation, respectively, said R. & L., Inc., and E. V. R., Inc., were, pursuant to the laws of the States of Louisiana and Delaware, merged into Rochelle Investment Corporation. The merger agreement which is attached to the stipulation on file sets forth in Article Thirteen the manner of converting the shares of each of the constituent corporations into shares, if any, of the surviving corporation. It provides that since all the shares of presently outstanding stock of Rochelle Investment Corporation and E. V. R., Inc., are owned by R. & L., Inc., none of said shares shall be convertible into shares of the surviving corporation, but all of said shares shall be cancelled; and that each share of presently outstanding stock of R. & L., Inc., shall be converted into one share of stock of the surviving corporation.

The merger agreement is in the usual form provided for by the corporation laws of Louisiana and Delaware; it constitutes the certificate of incorporation of the merged corporation; and the only reference with respect to property of the constituent corporations is to be found in Article Thirteen. No instrument, deed or conveyance, other than said merger agreement, was executed in connection with said property by R. & L., Inc., or Rochelle Investment Corporation, or any other person, firm or corporation.

Plaintiff at all times has contended that the transfer of said real estate from E. V. R., Inc., to plaintiff by operation of said merger was not a sale of real estate under Schedule A, subd. 8, of Title VIII, section 800 et seq., of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev.Acts, page 297. But the defendant viewing the matter in a different light demanded that plaintiff pay to him as Collector of Internal Revenue the sum of $965, the amount of stamp taxes claimed to be due under the provisions of the aforementioned Schedule A, subd. 8, together with $37.73 interest on said sum from January 2, 1936. The amount demanded and claimed by the Collector, together with interest, was paid under protest by the plaintiff on December 3, 1937. Thereafter appropriate claim for refund was made, which claim was rejected by the Commissioner of Internal Revenue on July 15, 1938. Following the action of the Commissioner the present suit was instituted for the recovery of the amounts paid and interest.

This suit involves no issues of fact and the sole question for determination is whether the stamp tax imposed by the Revenue Code upon sales of real estate applies to this transfer effected by agreement of merger.

The tax is claimed by the Collector under Schedule A, subd. 8 of Title VIII of the

Revenue Act of 1926, as added by Section 725 of the Revenue Act of 1932, which reads as follows: "8. Amendment by Revenue Act 1932. Conveyances: Deed, instrument, or writing, delivered on or after the 15th day after the date of the enactment of the Revenue Act of 1932 and before July 1, 1934 (unless deposited in escrow before April 1, 1932), whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof, 50 cents. This subdivision shall not apply to any instrument or writing given to secure a debt. Added June 6, 1932, c. 209, § 725, 47 Stat. 275."

Consistent with the ruling of the Commissioner, the defendant contends that Schedule A, subd. 8, of the above mentioned title and act imposes a tax on any deed, instrument, or writing whereby the absolute or general title to real property sold is conveyed to the grantee or to any other person at his direction. It is urged that the term "sold" imports the transfer of such title for a valuable consideration or price and that stock in a corporation is deemed a valuable consideration for the transfer of real property. That since the assets of the merging corporations were conveyed to the Rochelle Investment Corporation in consideration for the issuance of capital stock there was a valuable consideration for the transfer of the real property.

Plaintiff on the other hand contends that the act does not apply to all transfers of real estate, but that it applies only to deeds executed to transfer property sold to a purchaser or a nominee. That the property herein involved was not sold to a purchaser, but was transferred by virtue of the merger agreement through operation of law, the operating laws being the corporation laws of Delaware and Louisiana.

In my judgment plaintiff is right. A transfer of real estate by virtue of merger is not a sale of real estate. In merger the merging corporations, except the one which survives, cease to exist. Consequently the merging corporations in the instant case did not and could not receive any consideration for the transfer, because they were extinguished and dissolved by the acts of their stockholders in assenting to the proposed agreement of merger.

In view of the foregoing there should be judgment in favor of plaintiff, Rochelle Investment Corporation, and against defendant, Rufus W. Fontenot, Collector of Internal Revenue, in the sum of $965, together with interest thereon at the rate of 6% per annum from January 2, 1936, until paid. The Clerk is directed to enter judgment accordingly.