ROBERTS & SONS, INC., APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

[Cite as Roberts, Inc., v. Kosydar, Tax Commr. (1975), 42 Ohio St. 2d 495.]

(No. 74-1008—Decided June 25, 1975.)

496

*Messrs. Imfeld, Imfeld & Imfeld* and *Mr. Clem F. Imfeld, Jr.*, for appellant.

*Mr. William J. Brown*, attorney general, and *Ms. J. Elaine Bialczak*, for appellee.

*Per Curiam.* The sole issue before this court is whether there was any "consideration" or "price" paid by the corporation for the vehicles.

A transfer of tangible personal property from one entity to another is not a "sale" unless there is a "consideration" or "price." See *Kloepfers* v. *Peck* (1953), 158 Ohio St. 577, 110 N. E. 2d 560, paragraph one of the syllabus. There is nothing in the record in this case to indicate that there was any "consideration" or "price" paid for the vehicles. True, they were titled in the name of Roberts, Sr., but he received no more shares of stock from the corporation than the other four stock subscribers. The partnership transferred all its tangible personal property to the

corporation, including the vehicles. Thus, if there was no finding by the Tax Commissioner that the transferred personal property was sold at a "price," requiring that a sales tax be paid, this same reasoning must be adhered to as to the transfer of vehicles under the circumstances developed in this cause.

Appellee contends that the name of the vendor on the certificate of title determines who owns a motor vehicle. In support of this position strong reliance is placed on *Victory Express* v. *Bowers* (1959), 169 Ohio St. 227, 158 N. E. 2d 514. That case is distinguishable, for the reason that this court held in *Victory Express*, that there was a "sale." The facts in this case do not establish a "sale" because there was an utter lack of consideration or price paid by the vendee to the vendor, Roberts, Sr.

All partnership assets (including the vehicles) were transferred to the corporation and all five shareholders shared equally in the number and value of corporate shares. Therefore, there was no "consideration" or "price" paid for the vehicles, as defined in R. C. 5739.01(H):

" 'Price' means the aggregate value in money of anything paid or delivered or promised to be paid or delivered in the complete performance of a retail sale * * *." Nothing in the record indicates that a "price" was paid for the vehicles and there was therefore no sales tax due for the transfer of the vehicles.

The decision of the Board of Tax Appeals, being unreasonable and unlawful, is, therefore, reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.