IBEC INDUSTRIES, INC., BELLOWS INTERNAT. DIV., APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as IBEC Industries v. Lindley (1980), 62 Ohio St. 2d 279.]

(No. 79-1620—Decided June 4, 1980.)

280

*Messrs. Squire, Sanders & Dempsey* and *Ms. Maryann B. Gall,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant.

*Per Curiam.* The fundamental issue presented, on appeal herein, is whether a taxable sale for "consideration" occurred when IBEC reorganized its corporate structure by transferring all the assets and liabilities of its Bellows Division to appellee, a new wholly-owned subsidiary, in exchange for the stock of appellee.

Appellant, in essence, asserts that there was a "sale" between the two corporations and that "consideration" did flow between the two corporations for the transfer of the 17 motor vehicles. We disagree.

R. C. 5739.01(B) defines the term "sale" for purposes of sales tax as follows:

" 'Sale'***include[s] all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred***for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange and by any means whatsoever;***."

The application of R. C. 5739.01(B) to a corporate reorganization involving the transfer of assets and liabilities for stock was decided by this court in *Roberts, Inc.,* v. *Kosydar* (1975), 42 Ohio St. 2d 495. *Roberts, supra,* is factually similar to the instant cause except that the transfer of assets for stock, in *Roberts,* involved a transaction between a partnership and a corporation. This slight distinction does not alter the rationale espoused in *Roberts*. This court, at pages 496-497, stated:

"A transfer of tangible personal property from one entity to another is not a 'sale' unless there is a 'consideration' or 'price.' See *Kloepfers* v. *Peck* (1953), 158 Ohio St. 577, 110 N.E. 2d 560, paragraph one of the syllabus. There is nothing in the record in this case to indicate that there was any 'consideration' or 'price' paid for the vehicles. True, they were titled in the name of Roberts, Sr., but he received no more shares of stock from the corporation than the other four stock subscribers. The partnership transferred all its tangible personal property to the corporation, including the vehicles. Thus, if there was no finding by the Tax Commissioner that the transferred personal property was sold at a 'price,' requiring that a sales tax be paid, this same reasoning must be adhered to as to the transfer of vehicles under the circumstances developed in this cause.

"* * *

"All partnership assets (including the vehicles) were transferred to the corporation and all five shareholders shared equally in the number and value of corporate shares.

Therefore, there was no 'consideration' or 'price' paid for the vehicles, as defined in R. C. 5739.01(H):

" ' "Price" means the aggregate value in money of anything paid or delivered or promised to be paid or delivered in the complete performance of a retail sale***.' Nothing in the record indicates that a 'price' was paid for the vehicles and there was therefore no sales tax due for the transfer of the vehicles."

Finding the rationale of *Roberts, supra,* applicable to this cause, we hold that there was not a retail sale but merely a shifting of assets by a corporation from one division to another.

Therefore, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

HERBERT, BELL, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

CELEBREZZE, C. J., concurs in the judgment.

BELL, J., of the Ninth Appellate District, sitting for W. BROWN, J.