**NORTHERN TELECOM, INC.,**
**Plaintiff-Appellee,**

v.

**Martha B. OLSEN, Commissioner of Revenue, State of Tennessee, Defendant-Appellant.**

Supreme Court of Tennessee, at Nashville.

Oct. 29, 1984.

James C. Gooch, Carter R. Todd, Nashville, for plaintiff-appellee; Bass, Berry & Sims, Nashville, of counsel.

J. Robert Walker, Asst. Atty. Gen., Nashville, for defendant-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

The taxpayer paid under protest sales taxes in the sum of $167,745.54 and brought this action to recover the same asserting that the transaction taxed was not a sale within the meaning of the sales tax statutes. The Chancellor determined the issue in favor of the plaintiff taxpayer, holding that the transfer in question was made without consideration and, therefore, was not a sale within the meaning of the sales tax statutes.

Prior to 1977 Federal law prohibited a foreign controlled corporation from directly owning an aircraft registered in the United States. The plaintiff taxpayer, Northern Telecom, Inc., was a foreign controlled corporation and in 1973 created Northern Telecom Aviation, Inc., a wholly owned subsidiary, for the sole purpose of owning aircraft

to be used by Northern Telecom. Northern Telecom was the sole stockholder of Northern Telecom Aviation, Inc.

The Federal statute was amended in 1977 so that thereafter foreign corporations could own United States registered aircraft. Accordingly, in 1980, Northern Telecom Aviation, Inc., was absorbed into its parent, Northern Telecom, Inc., with the result that, by operation of law, all property theretofore owned by the subsidiary was transferred, both title and possession, to the parent concomitant with the cancellation of all of the subsidiary's stock. Following this merger, the registration of the aircraft in question was changed from the subsidiary to the parent corporation. The Commissioner asserts that this change of registration constitutes a taxable event, i.e., a "sale."

The record discloses that as a result of this transaction Northern Telecom, Inc.'s position was not changed; it continued to have complete control over the same assets; it gave up nothing, no money or other consideration was exchanged. Nothing was effected other than an internal corporate reorganization. The subsidiary received nothing for its transfer of assets to the parent; indeed, following the transaction there was no subsidiary to receive a consideration.

Nevertheless, the Commissioner of Revenue insists that this transfer of assets, in the form of aircraft, from the subsidiary to the parent was a sale which was taxable under the sales tax statutes of this state.

The sales tax is imposed by T.C.A., § 67–6–202, which provides:

"Property Sold at Retail.—For the exercise of the privilege of engaging in the business of selling tangible personal property at retail in this state, a tax is levied at the rate of four and one-half percent (4½%) of the sales price of each item or article of tangible personal property when sold at retail in this state; the tax is to be computed on gross sales for the purpose of remitting the amount of tax due the state and is to include each and every retail sale."

T.C.A., § 67–6–102(14)(A), defines the term "sale" as follows:

" 'Sale' means any transfer of title or possession, or both, exchange, barter, lease or rental, conditional, or otherwise, in any manner or by any means whatsoever of tangible personal property *for a consideration* ...." (Emphasis added.)

Also to be considered is T.C.A., § 67–6–102(1), which defines the term "business" and imposes a tax on isolated and occasional sales of aircraft. This section reads:

"... 'Business' shall not be construed to include occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business, or the occasional and isolated sale at retail or use of services sold by or purchased from a person not regularly engaged in business as a vendor of taxable services or from one who is such a vendor but is not normally a vendor with respect to the services sold or purchased in such occasional or isolated transaction. Provided, however, that it shall be construed to include occasional and isolated sales or transactions by such a person involving aircraft, vessels or motor vehicles, ... unless such sales or transactions are otherwise exempt under this chapter or are sales between persons who are: married, lineal relatives or spouses of lineal relatives, or siblings ...."

Construing these statutory provisions and applying them to the undisputed facts of this case, we conclude that the Chancellor was correct in finding that no "sale" occurred because, insofar as a transfer of the aircraft took place, it was one without consideration and, therefore, was not a taxable "sale" within the meaning of the statutes.

We find no binding precedent in this state and very little in other jurisdictions. However, in *National Dairy Products Corp. v. Gleeson*, 16 Pa.D. & C.2d 390 (1958), it was held that under a sales tax statute similar to that of this state there was no consideration for the transfer of

possession and titles to milk trucks from a wholly owned subsidiary to its parent corporation as the result of a merger of the subsidiary into the parent. The court distinguished a transfer by operation of law from a transfer for consideration. Since nothing of value was given to the subsidiary for its stock and assets, there was no consideration. Title was transferred by operation of law since the subsidiary's existence was wholly merged into the parent. The decision is particularly pertinent because it is a special interpretation of the same Delaware merger statute that is applicable in the instant case. To the same general effect, *see Visador Co. v. Porterfield*, [Ohio] ST.TAX REP. (CCH) ¶ 60.060.-17 (August 11, 1970); *Roberts & Sons, Inc. v. Kosydar*, 42 Ohio St.2d 495, 330 N.E.2d 437 (1975).

Also instructive and supportive of the conclusion which we have reached in the instant case are the decisions in *Rochelle Inv. Corporation v. Fontenot*, 34 F.Supp. 118, 119 (E.D.La.1940); *Socony-Vacuum Oil Co. v. Sheehan*, 50 F.Supp. 1010 (E.D. Mo.1943); *United States v. Niagara Hudson Power Corporation*, 53 F.Supp. 796 (S.D.N.Y.1944). In these cases the courts were asked to decide whether there was consideration for the transfer of title to land from a wholly owned subsidiary to a parent in a corporate consolidation, making the transfer taxable under a Federal statute taxing such transactions. In deciding that issue in favor of the parent taxpayer, the court in the *Fontenot* case observed:

"... The merging corporations in the instant case did not and could not receive any consideration for transfer, because they were extinguished and dissolved by the acts of their stockholders in assenting to the proposed agreement of merger."

With that observation and conclusion, we agree.

The argument of the Commissioner that the exception of isolated and occasional sales of aircraft from the causal sales exemption from sales tax, as set out in T.C.A., § 67–6–102(1), somehow indicates

an intention of the legislature to tax the transaction in the instant case is unpersuasive; to be taxable the causal and isolated transfer of aircraft must still be a "sale" for a consideration. Here, there was no consideration, hence no sale.

The decree of the Chancellor is in all things affirmed. Costs incurred upon appeal are taxed against the appellant.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.