**D. CANALE & CO., D. Canale Food Services, Inc., and D. Canale Beverages, Inc., Appellees,**

v.

**Kathryn B. CELAURO, Commissioner of Revenue, State of Tennessee, Appellant.**

Supreme Court of Tennessee, at Jackson.

Jan. 16, 1989.

Rehearing Denied Feb. 21, 1989.

W.J. Michael Cody, Atty. Gen. and Reporter, William P. Sizer, Asst. Atty. Gen., Nashville, for appellant.

Michael A. Robinson, Paul R. Lawler, Glankler, Brown, Gilliland Chase, Robinson & Raines, Memphis, for appellees.

## OPINION

COOPER, Justice.

The issue in this appeal is whether the transfer of vehicles from a parent corporation to newly-created subsidiaries in exchange for stock and securities constitutes a transaction subject to Tennessee sales tax. The chancellor held that it did not, and ordered a refund of sales taxes paid under protest, together with interest and attorneys' fees. We disagree with the chancellor's holding. Accordingly we reverse the judgment entered in the trial court and dismiss the action.

The facts are stipulated. Plaintiff taxpayer D. Canale & Co. is a Delaware corporation, qualified to do business in Tennessee, with its principal place of business in Memphis. On January 2, 1986, D. Canale & Co. organized two subsidiary Tennessee corporations: D. Canale Food Services, Inc., and D. Canale Beverages, Inc. The principal places of business of the subsidiary corporations are in Memphis.

The two corporations were organized for various business reasons, including but not limited to the following: to decrease potential liability exposure for certain lines of business, to formally segregate the previous historical divisions between the two principal lines of business, to allow corporate officers increased autonomy control

and flexibility over their respective areas of operation, and to provide better information flow and operational efficiency.

In connection with the organization of the subsidiaries, the parent corporation contributed to the subsidiaries various assets including numerous vehicles that the parent had purchased between 1975 and December 1985. The parent had paid Tennessee sales tax on the vehicles at the time of purchase.

The contribution of assets to each subsidiary was made solely in exchange for stock or securities of the subsidiaries, and constituted a nontaxable incorporation under section 351 of the Internal Revenue Code. The vehicles were valued on the subsidiaries books at "net book value," that is cost less accumulated depreciation, which was less than the fair market value of the vehicles.

Before issuing new titles reflecting the change of ownership, the Shelby County Clerk's office required the plaintiffs to pay sales tax based on the estimated fair market value of each vehicle. The tax was paid under protest. The taxpayers timely filed their claims for refunds. The claims were denied by the Department of Revenue of the State of Tennessee.

Persons in the business of selling tangible personal property at retail in this state are subject to the sales tax. T.C.A. §§ 67–6–201, 67–6–202. Since 1984, for the purpose of the Sales Tax Act, "business" has been defined so as

> to include occasional and isolated sales or transactions of aircraft, vessels, or motor vehicles between corporations and their members or stockholders and shall also include such transactions caused by the merger, consolidation, or reorganization of corporations.

■ The commissioner's primary argument for the imposition of the sales tax, based on the 1984 amendment broadening the definition of "business," is that the transactions in question are taxable as transactions or sales of motor vehicles caused by the reorganization of D. Canale & Co., the reorganization being the creation of the two subsidiary corporations

out of the parent, D. Canale & Sons. On the other hand, the taxpayer contends "there was no sale for a consideration in the transfers involved in this action; consequently, no sales tax was triggered." The taxpayer also argues that the imposition of the sales tax on the transaction would be double taxation, and contrary to the intent of the legislature in passing the 1984 amendment to the Sales Tax Act, broadening the definition of "business."

Both parties rely upon this Court's decision in *Northern Telecom, Inc. v. Olsen*, 679 S.W.2d 448 (Tenn.1984). In *Northern Telecom*, which was decided by the trial court prior to the passage of the 1984 amendment to the Sales Tax Act, a wholly owned subsidiary was merged into the parent taxpayer. Aircraft titled in the name of the subsidiary was absorbed into the parent concomittant with the cancellation of the subsidiary's stock. The commissioner asserted the transfer was a taxable sale. This Court disagreed holding that there was no consideration given. At that time as well as now, T.C.A. § 67–6–102(14)(A) defined "sale" in pertinent part as "any transfer of title or possession ... for a consideration...." This Court held that where title is transferred from a wholly owned subsidiary to a parent in a corporate consolidation, there is no consideration. The Court agreed with the following observation and conclusion from *Rochelle, Inv. Corporation v. Fontenot*, 34 F.Supp. 118, 119 (E.D.La.1940);

> "... The merging corporations in the instant case did not and could not receive any consideration for transfer, because they were extinguished and dissolved by the acts of their stockholders in assenting to the proposed agreement of merger."

679 S.W.2d at 450.

In the instant case, contrary to the situation in *Northern Telecom*, new subsidiary corporations were created rather than absorbed and title to vehicles was transferred to the new corporations. Following the transaction there was an entity to receive consideration, i.e., the parent corporation, which accepted stock or securities in the

subsidiaries based, at least in part, on the transfer of ownership of the motor vehicles in question. Further, after the trial court's decision which was affirmed in *Northern Telecom*, the legislature amended the definition of "business," for the purpose of the Sales Tax Act, so as to include the "occasional and isolated sale or transaction of ... motor vehicles ... caused by the ... reorganization of corporations," and made such transactions taxable.

The Tennessee sales tax statutes do not define "reorganization," and the term can take different, though related, meanings depending on the legal context. *See,* however, 15 Fletcher Cyclopedia Corporations, § 7201, at p. 422 (1983 rev. ed.), wherein "reorganization" is defined as follows:

> As applied to corporations, it denotes various proceedings and transactions by which a succession of corporations is brought about. Ordinarily it involves the creation of a new corporation to take over the assets and property and continue the business of the old one.

In our opinion, the transaction in the instant case falls within the ordinary and natural meaning of the term "reorganization," and under the plain directive of the 1984 amendment to the Sales Tax Act, the transfer of motor vehicles from the parent corporation to its subsidiaries, in consideration of stock or securities of the subsidiaries, is subject to the sales tax.

The taxpayer has cited us to a part of the legislative history of the 1984 amendment as support for its position that the legislature intended, by the passage of the amendment, to exclude from sales tax the transfer of vehicles from a parent corporation to a wholly owned subsidiary. Such an expression of intent would be contrary to the plain language of the sales Tax Act, as amended, which specifically provides for taxation on the "occasional and isolated sale or transaction of ... motor vehicles ... caused by the merger, consolidation, or reorganization of corporations." Where there is no ambiguity in the language of an act, comments of legislators, or even sponsors of the legislation, before

its passage are not effective to change the clear meaning of the language of the act.

The taxpayer also argues that the taxation of transfers of vehicles from a parent corporation to its subsidiaries is double taxation. We would point out that while the parent corporation paid sales tax on the vehicles when it originally purchased them, the assessment now under consideration is upon a different transaction—the transfer of the vehicles from the parent to the subsidiaries in exchange for stock or securities of the subsidiaries. This is not double taxation.

Judgment of the trial court is reversed, and the action is dismissed. Costs are adjudged against the taxpayers.

HARBISON, C.J., and FONES, DROWOTA, and O'BRIEN, JJ., concur.

### ORDER

A petition for rehearing has been filed on behalf of plaintiffs-appellees, D. Canale & Co., D. Canale Food Services, Inc., and D. Canale Beverages, Inc. After consideration of the petition, the Court is of the opinion that the petition is without merit. Accordingly, the petition is overruled at the cost of the plaintiffs-appellees.

DROWOTA, C.J., and FONES, HARBISON and O'BRIEN, JJ., concur.