**Paul A. IRONSIDE, M.D.,**
**Plaintiff–Appellant,**

v.

**SIMI VALLEY HOSPITAL; Alan Rice; Harry Drummond; Suzanne Van Hall; and Jeffers, Mangels, Butler & Marmaro, Defendants–Appellees.**

No. 95–6336.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1996.

Decided Dec. 23, 1996.

Dennis M. McCarthy (briefed), Judy P. McCarthy (argued and briefed), Law Office of Judy Pinkston McCarthy, Knoxville, TN, for Plaintiff-Appellant.

Stephen E. Roth (argued and briefed), Baker, Donelson, Bearman & Caldwell, Knoxville, TN, for Defendants-Appellees.

Before: MERRITT, COLE, and GODBOLD *, Circuit Judges.

GODBOLD, Circuit Judge.

The plaintiff, a physician practicing in Tennessee, sued a California hospital where previously he had practiced, and persons connected with it, alleging that they defamed him and tortiously interfered with his contract with a Tennessee hospital by sending a letter to the hospital. The letter referred to a report to the Medical Board of California concerning the suspension of plaintiff's clinical privilege at the California hospital and suggested that the Tennessee hospital, in evaluating plaintiff, question the California Medical Board concerning his licensure.

---

* The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

The district court granted defendants' Rule 12(b)(6) motion on the grounds that: (1) the defendants were immune from suit under the Tennessee Peer Review Act, Tennessee Code Ann. § 63–6–219, which provides for immunity to persons providing information to a hospital peer review committee; (2) that the letter contained no falsity, and (3) that, while it "bordered on defamation by inference or implication" it was not defamatory. We hold that these issues could not be decided pursuant to the Rule 12(b)(6) motion and therefore reverse the judgment of the district court.

Plaintiff practiced medicine in California. A lengthy series of disputes arose between him and Simi Valley Hospital, at which he practiced, and its governing body. In October 1993 plaintiff moved to Oneida, Tennessee, and began practicing medicine at Scott County Hospital.

In January 1994 the president and the hospital administrator of Simi wrote an unsolicited letter addressed as follows:

Medical Staff Office

Scott County Hospital

U.S. Highway 27

Oneida, Tennessee 37841

ATTN: Medical Peer Review Committee

RE: Paul Ironside, M.D.

Medical Board of California Section 805 Report

Dear Medical Peer Review Committee:

The letter stated:

[T]his letter is being sent to your Medical Peer Review Committee (as that term is used in the Tennessee Statutes, Section 63–6–219), for Scott County Hospital (which we understand is a licensed health care institution) for the purpose of assisting the committee in evaluating the competence or professional conduct of a physician.

Due to a delay in filing a report to the Medical Board of California, pursuant to the reporting requirements, concerning a summary suspension of Dr. Ironside's clinical privileges at Simi Valley Hospital & Health Care Services, we suggest that you query the Medical Board regarding his licensure as this report may be pertinent to your evaluation.

Meanwhile, plaintiff had moved to Morristown, Tennessee, where he entered into practice at Lakeway Regional Hospital pursuant to a contract that guaranteed substantial earnings and fringe benefits. Lakeway is owned by the same parent company as Scott County Hospital. Scott County Hospital forwarded the Simi Valley letter to Lakeway.

Plaintiff sued Simi Valley Hospital, the president and administrator who had signed the letter, the attorney for the hospital (who had drafted the letter) and the attorney's law firm. He claimed tortious inducement to breach of contract and defamation and alleged that the letter had caused him to lose his position at Lakeway.

Defendants filed a Rule 12(b)(6) motion to dismiss alleging that the complaint did not state a cause of action and:

However, all defendants are immune from liability pursuant to the Tennessee Peer Review Act of 1967, Tenn.Code Ann. § 63–6–219 (the "Act"), and sections 43.8 and 47 of the California Civil Code.

The court denied the motion to dismiss. It referred to a provision of the Tennessee Peer Review Act that grants immunity to one who "participates with or assists a medical review committee," or furnishes information to such committee, if the person acts in good faith and without malice (and on the basis of facts reasonably known or reasonably believed to exist). The "good faith and without malice" language appears in subsection (c)(1). Responding to this provision the district court held: "Obviously, the good faith and absence of malice on the part of the defendants is highly disputed in this action and immunity cannot be granted before the facts are developed."

Defendants moved to reconsider on the basis that they had not relied upon the "good faith and without malice" provision in (c)(1) but rather on the more specific immunity provision in subsection (c)(2) of the Act that provides:

. (2) Notwithstanding the provisions of subdivision (c)(1), any person providing information, whether as a witness or other-

wise, to a medical review committee regarding the competence or professional conduct of a physician is immune from liability to any person, unless such information is false and the person providing it had actual knowledge of such falsity.

Defendants asserted that the letter was true and that, under (c)(2), their motive in providing it is irrelevant to the immunity issue. The court entered an opinion on the motion for reconsideration, stating that the matter was back before the court to consider the contention of defendants that they were immune from liability under subsection (c)(2) and:

> They also offer evidence that the information they provided in the letter was, in fact, true and contend that, under subsection (c)(2), because the information was true, their motive in providing it is irrelevant to the immunity issue.

The court held that there was no dispute that plaintiff's privileges were summarily suspended in California and that a report had been belatedly filed or at least submitted to the Medical Board. It noted plaintiff's contentions that the suspension was not a "reportable peer review action" within the meaning of California statutes and that the Medical Board recognized that the event should not have been reported and had refused to accept the report. The court went on to hold that there was nothing in the evidence to show that the report was in fact rejected by the Board or, if it was, the reason why it was rejected, therefore the court "does not find this part of the letter defamatory." With respect to the suggestion of the letter that the reader query the Medical Board, the court found it was not a false statement but that there was a problem with plaintiff's continuation of his privileges at Simi Valley, and the court held: "This one aspect of the otherwise carefully crafted letter borders on defamation by inference or implication."

The court went on to hold that the defendants were immune under (c)(2) because they did not knowingly provide false information but only "an arguably unnecessary question" in the reader's mind, not actual false statements of fact but rather "an arguably false

implication made in the protected context of a confidential communication."

■■■ The court's disposition presents several problems. Immunity is an affirmative defense that pursuant to Rule 8(c) must be pleaded. *Kennedy v. City of Cleveland,* 797 F.2d 297, 300 (6th Cir.1986); *Bentley v. Cleveland Cty. Bd. of County Com'rs,* 41 F.3d 600, 604 (10th Cir.1994); *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923–24, 64 L.Ed.2d 572 (1980). The burden was upon the defendants to establish their affirmative defense, which required proof that Scott County Hospital in fact had a medical peer review committee as provided by the Tennessee statute. In *Wilmoth v. Durfey,* 1988 WL 136391 (Tenn.Ct.App.1988), a defamation action, the court considered confidentiality under § 63–6–219 of letters sent to various officials of a hospital. The court concluded that there was insufficient evidence for it to determine whether the documents were covered by the confidentiality provision of the Act. It held:

> The record fails to show that there was a medical review committee as defined in subsection (a) of the statute. We are not here finding that no such committee existed. Rather, we are finding, based on our review of the record and citations thereto by the parties, that the evidence is insufficient to conclude that such a committee did exist so as to bring the statute into application. We have not been cited nor has our search revealed any statement of policy of any of the entities involved as to existence of a standing committee or as to formation of a committee upon the occurrence of an incident.

> Subsection (a) defines 'medical review committee' with some specificity, and the tenor of the language in the definition indicates the drafters had in mind some degree of formality.

The court went on to hold that the legislature did not intend for the immunity to apply to a random group of doctors or other health care professionals even within a given organization. Therefore, there must be proof that the committee was serving a function under

the statute or proof of the policy whereby that function is served by the medical staff.[1]

Defendants seek to escape their burden by a contention that Tennessee regulations that govern hospitals require the institution have a medical staff and committees and procedures that cover granting, revoking and suspending privileges, and it must be presumed that Scott Hospital acted in conformity with the regulations. This presumption does not carry Simi Valley's burden of proving the affirmative defense of immunity.

There is a second problem. If statutory immunity is present by reason of the letter being furnished to a medical review committee, the plaintiff must show that the information is false and that the person providing it had actual knowledge of the falsity. Plaintiff acknowledged in his response to the motion to reconsider that it was his burden to show that the letter was in fact false but contended that this was an issue that could not be determined pursuant to a Rule 12(b)(6) motion. This implicates whether the letter's reference to a report being belatedly filed with the California Medical Board, and plaintiff's being summarily suspended, were true, in the face of plaintiff's contentions that the report was not properly reportable to the Board, that the Medical Board refused to accept it, and that the Board reinstated his privileges. The court placed upon plaintiff the burden to show that the report was rejected by the Board or, if it was, the reason why it was rejected, and in the absence of this evidence found this part of the letter was not defamatory.

The court also found that the suggestion that Scott County query the Medical Board, while it did not contain any false statement of facts, implied that there was a question of his licensure and that it bordered on defamation by inference or implication.

The issues of the existence of a peer review committee and of falsity, and therefore of immunity, and of defamation, could not be determined short of summary judgment. No motion for summary judgment was filed.

Simi Valley's affirmative defense of immunity could be raised incident to a "speaking motion" under Rule 12(b)(6). 2A James W. Moore, et al., *Moore's Federal Practice* ¶ 12.09[3] (2d ed. 1996). But the merits of the affirmative defense could not be decided short of summary judgment. When a 12(b) motion asserts failure to state a claim upon which relief can be granted, the motion may be converted to summary judgment, *see* Rule 12(b), but it does not appear that an order converting Simi Valley's motion was ever entered.

**REVERSED and REMANDED.**

---

**1.** On rehearing, the court reversed its decision on ground that the statements in question had not been published to third persons. *Wilmoth v. Durfey,* 1989 WL 36643 (Tenn.Ct.App.1989).