**Paul A. IRONSIDE, M.D.,
Plaintiff–Appellant,**

v.

**SIMI VALLEY HOSPITAL, et al., Defendants–Appellees.**

No. 98–5193.

United States Court of Appeals,
Sixth Circuit.

Argued: March 17, 1999

Decided and Filed: Aug. 25, 1999

---

Judy P. McCarthy (argued and briefed), Dennis M. McCarthy (briefed), Law Office of Judy Pinkston McCarthy, Knoxville, Tennessee, for Plaintiff–Appellant.

John S. Hicks (argued), Baker, Donelson, Bearman & Caldwell, Nashville, Tennessee, Stephen E. Roth (briefed), Baker, Donelson, Bearman & Caldwell, Knoxville, Tennessee, for Defendants–Appellees.

Before: BOGGS, CLAY, and GODBOLD*, Circuit Judges.

## OPINION

GODBOLD, Circuit Judge.

Plaintiff Dr. Ironside sued his former employer Simi Valley Hospital, two hospi-

---

* The Honorable John C. Godbold, Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

tal administrators, the hospital's attorney and the hospital's law firm alleging they defamed him and tortiously interfered with his contract with a subsequent employer by sending a negative letter referring to possible disciplinary proceedings against him. The district court granted summary judgment to defendants, and we affirm.

This is the second time the circuit examines this case. In a prior decision the district court granted defendants' motion to dismiss on the ground that the Tennessee Peer Review Law of 1967 gave defendants immunity from liability. We reversed and remanded because two elements of the immunity defense—whether the hospital receiving the letter had a peer review committee and whether the statements in the letter were false—could not be resolved in the context of a motion to dismiss. *Ironside v. Simi Valley Hosp.*, 103 F.3d 482 (6th Cir.1996). Defendants then filed a motion for summary judgment. The district court granted the motion after finding that the defendants met their burden of proving that the hospital had a peer review committee and the letter did not contain false information. We AFFIRM.

The Tennessee Peer Review Law, Tenn. Code Ann. § 63–6–219(d)[1] contains the following immunity provision:

(d)(1) ... any person who participates with or assists a medical review committee with respect to its functions, or any other individual appointed to any committee ... is immune from liability to any ... individual ... for furnishing information, data, reports or records to any such committee ... if made or taken in good faith and without malice and on the basis of facts reasonably known or reasonably believed to exist....

(d)(2) Notwithstanding the provisions of subdivision (d)(1), any person providing information, whether as a witness or otherwise, to a medical review committee regarding the competence or professional conduct of a physician is immune from liability to any person, unless such information is false and the person providing it had actual knowledge of such falsity.

(d)(3) A member of a medical review committee, or person reporting information to a medical review committee, is presumed to have acted in good faith and without malice. Any person alleging lack of good faith has the burden of proving bad faith and malice

### *Requirement that Defendants be "Providing Information ... to a ... Committee"*

■ Defendant Simi Valley Hospital sent the allegedly defamatory letter to the attention of Scott County Hospital's Medical Peer Review Committee. Scott's administrator then forwarded the letter to Lakeway Regional Hospital because by the time it received the letter plaintiff had left Scott and started working at Lakeway, the hospital from which he was subsequently terminated. Defendants seek immunity under (d)(2) which is available for those who provide information to a medical review committee.

■ Plaintiff does not dispute that Scott had a committee that performed the functions contemplated by the Tennessee Peer Review Law. Rather, he contends defendants do not qualify for (d)(2) immunity because Scott's committee did not process the letter itself and therefore *in this instance* did not perform the functions contemplated in the Act. The issue, however, is not whether a committee actually performed those functions but whether the information was sent to the committee in furtherance of the functions contemplated by the Act. *See Wilmoth v. Durfey*, 1988 WL 136391, at *5 (Tenn.Ct.App. Dec.21,

1. When this case came before us the first time the immunity provisions were located in subprovision (c) of Tenn.Code Ann. § 63–6–219. As a result of an amendment in 1997, subprovision (c), which remains unchanged, is now at subprovision (d). We will refer to the current version.

1988) ("There must be some proof that the committee was serving a function under the statute or proof of the policy whereby that function is served [and] that the data in question was furnished pursuant to that function."), *rev'd on other grounds,* 1989 WL 36643 (Tenn.Ct.App. April 17, 1989).

In this case the letter was intended for the committee, which one could reasonably assume would have performed those functions had plaintiff not relocated, and defendants were neither in control of plaintiff's relocation nor what Scott did with the letter. Further, as stated in the letter itself, it was sent "for the purpose of assisting the committee in evaluating the competence or professional conduct of a physician." Thus, immunity is available for defendants should they meet the requirements of subprovision (d)(2).

### Requirements to Establish Immunity under § 63–6–219(d)(2)

■ The explicit language of (d)(2) states that providers of information are immune "unless such information is false and the person providing it had actual knowledge of such falsity." The introductory phrase "notwithstanding the provisions of subdivision (d)(1)," makes it clear that the provision is to be read separately from (d)(1)'s good faith requirement. We decline to look to vague and contradictory legislative history to impose a good faith requirement in (d)(2) because the statute is unambiguous in setting forth the requirements for immunity. *See D. Canale & Co. v. Celauro,* 765 S.W.2d 736, 738 (Tenn. 1989) ("When there is no ambiguity in the language of an act, comments of legislators ... are not effective to change the clear meaning."). In addition, subprovision (d)(3) which says a person providing information is presumed to have acted in good faith does not alter the requirements for gaining immunity under (d)(2). Therefore, subprovision (d)(1)'s requirement that the statement must be made in good faith and without malice does not apply to subprovision (d)(2) and defendants are immune as long as the information in the letter was not false.

We agree with the district court that plaintiff has not presented a genuine issue of material fact as to the falsity of the information contained in the letter. The letter contained the following factual statement:

> Due to a delay in filing a report to the Medical Board of California, pursuant to the reporting requirements, concerning a summary suspension of Dr. Ironside's clinical privileges at Simi Valley Hospital & Health Care Services, we suggest that you query the Medical Board regarding his licensure as this report may be pertinent to your evaluation.

All of the information contained in the letter was true in fact. First, the parties agree there was a delay in filing the report. Second, the report was filed pursuant to California's reporting requirements. *See* Cal. Bus. & Prof.Code § 805(b)(3) (West 1999) (report must be filed "following the imposition of summary suspension of staff privileges, membership, or employment, if the summary suspension remains in effect for a period in excess of 14 days"). Third, plaintiff does not dispute that plaintiff's dialysis surgery privileges were summarily suspended. Fourth, the report may be pertinent to any evaluation of plaintiff's qualifications. According to the affidavit of David Thorton, Supervising Investigator for the Medical Board of California, whenever a report is filed, the Board initiates an investigation to determine whether it should take any action with regard to the physician's license.

■ Thus, defendants are entitled to immunity under Tennessee law. *See Stilts v. Globe Int'l Inc.,* 950 F.Supp. 220, 223 (M.D.Tenn.1995), *aff'd,* 91 F.3d 144, 1996 WL 370142 (6th Cir.1996) (substantially true statements are not actionable). In addition, because the provisions of the applicable federal legislation, the Health Care Quality Improvement Act, are essentially identical to those of the Tennessee

Peer Review Law, defendants are also entitled to immunity under federal law. *See* 42 U.S.C. § 11111(a)(2).

### Rule 56(f) Request

■ The court did not abuse its discretion in granting the motion for summary judgment before plaintiff completed discovery. *See Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 409 (6th Cir. 1998). Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the letter to be discovered.

### Conclusion

The judgment of the district court is AFFIRMED.