**NOT RECOMMENDED FOR PUBLICATION**

File Name: 05a0648n.06

Filed: August 3, 2005

No. 04-1561

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DONALD L. BRAMLAGE, JR. and )
DONNA BRAMLAGE, )
  )
**Plaintiffs-Appellees,** )
  ) **ON APPEAL** FROM THE
v. ) UNITED STATES DISTRICT
  ) COURT FOR THE EASTERN
WELLS FARGO HOME ) DISTRICT OF MICHIGAN
MORTGAGE, INC., )
  )
**Defendant-Appellant.** )
  )
_____ )

Before: MARTIN and ROGERS, Circuit Judges; and FORESTER,[*] District Judge.

**KARL FORESTER, Senior District Judge.** Donald L. Bramlage, Jr. and Donna

Bramlage filed this action seeking to invalidate the foreclosure sale of their home on the ground

that notices of adjournment of the sale failed to comply with Michigan law. The district court

converted Wells Fargo Home Mortgage, Inc.'s motion to dismiss into a motion for summary

judgment and granted the motion. The district court denied, however, Wells Fargo's motion for

sanctions. The Bramlages appeal the district court's summary judgment ruling.

---

[*] The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District
of Kentucky, sitting by designation.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 10, 2000, the Bramlages executed and delivered a real estate mortgage note in the original principal amount of $350,000.00, payable to an entity now known as Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), the appellee in this case. As security, the Bramlages executed and delivered to Wells Fargo a mortgage on the property located at 1059 Whittier, Grosse Pointe Park, Michigan 48230.

Pursuant to the mortgage, Wells Fargo was given a power of sale by advertisement. It is undisputed that the Bramlages defaulted on their obligations under the note and mortgage. As a result, a foreclosure sale was scheduled for August 21, 2002. It is also undisputed that Wells Fargo properly published notification of the sale in the Detroit Legal News on July 23, July 30, August 6, August 13, and August 20, 2002. Both parties agree that the foreclosure sale that was scheduled for August 21, 2002 was adjourned. The foreclosure sale eventually did occur on November 6, 2002.

Section 600.3220 of the Michigan Compiled Laws describes the requirements for advertising a notice of adjournment of a foreclosure sale, providing as follows:

> Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by *posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published*, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

2

(Emphasis added). Thus, under Michigan law, an adjournment of one week or less is valid if notice of the adjournment is posted before or at the time of the sale and at the place where the sale is to be made. If the adjournment is for more than one week, however, notice must also be published in the newspaper in which the original notice was published—in this case, the Detroit Legal News.

The Bramlages' complaint sought to invalidate the sale of their home on the ground that no notice whatsoever was provided of the proposed sale date of November 6, 2002. J.A. 6 (¶ 14). It appears from the complaint that the only place the Bramlages were looking for such notice was the Detroit Legal News. For example, the complaint alleges that:

> The Plaintiff Donald L. Bramlage, Jr. is an attorney at law with access to the Detroit Legal News at his office, which he read and reviewed regularly from and after August 21, 2002. Further, the Plaintiff Donald L. Bramlage, Jr. on August 13, 2003, at the offices of the Detroit Legal News, reviewed all of its publications from August 21, 2002, up to and including November 6, 2002. At no time did any notices of an adjournment of the foreclosure sale of August 21, 1002 [sic] appear in the Detroit Legal News.

J.A. 8 (¶ 27). The complaint also alleges that:

> No notice of the adjournment, appended to the original notice of sale was published in the Detroit Legal News at <u>any</u> time after the date of the original sale, August 21, 2002, up to and including the sale date of November 6, 2002.

J.A. 9 (¶ 30).

The Bramlages attached to their complaint, as Exhibit 2, a sheriff's deed that states that the foreclosure sale was "adjourned from August 21, 2002 to November 06, 2002." J.A. 17. According to the Bramlages, this deed is evidence that there was one adjournment only and that

3

it was for more than one week, such that a notice of adjournment had to be published in the Detroit Legal News.

Wells Fargo filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for sanctions pursuant to Rule 11. In its brief in support of that motion, Wells Fargo argued that the foreclosure sale actually was adjourned several times, on a week to week basis, beginning August 21 and ending November 6, such that notice of the adjournments was only required to be posted in the place where the sale was to occur—the Coleman A. Young Municipal Center in Detroit. Wells Fargo maintained that it complied with that requirement, as evidenced by the weekly notices themselves, which were attached as Exhibit A to the motion. J.A. 30-40.

The Bramlages filed a brief in opposition to Wells Fargo's motion to dismiss. The Bramlages' opposition brief argued, among other things, that in the event that the district court converted Wells Fargo's motion to dismiss to one for summary judgment, the motion should be denied because it failed to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Bramlages maintained that the weekly notices submitted by Wells Fargo were not properly before the district court because they did not qualify as any of the specific types of evidence listed in Rule 56(c), which requires that a Rule 56 motion be supported by "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." In the alternative, the Bramlages argued that a question of fact existed as to whether there was one adjournment from August 21 to November 6, or whether there were multiple weekly adjournments from August 21 up to November 6. J.A. 57-58.

4

The Bramlages also filed an affidavit pursuant to Rule 56(f) seeking discovery. The motion provided as follows:

> [I]n order to properly defend such a motion [for summary judgment], the Plaintiffs must embark on and complete discovery, which will include subpoenas duces tecum directed to the Wayne County Sheriff's Department and depositions of their employees. Further, depositions must be taken of the employees of Trott & Trott, P.C. [Wells Fargo's counsel]. Further discovery not contemplated at this time may also be required.

J.A. 73.

The district court issued an oral ruling converting Wells Fargo's motion to dismiss into a motion for summary judgment and granting the motion. In so ruling, the court held as an initial matter that no further discovery was required or warranted because it appeared that no further discovery could create a genuine issue of material fact. The court then held that summary judgment was appropriate because the weekly notices provided by Wells Fargo constituted irrefutable evidence that the sale "was adjourned on a weekly basis" and that the posting of the weekly notices in the Coleman A. Young municipal building complied with section 600.3220. J.A. 94-95. According to the district court, the sheriff's deed upon which the Bramlages relied, which stated that the sale had been adjourned from August 21 to November 6, was not inconsistent with the weekly notices because the Deed did not preclude the possibility that the ultimate adjournment to November 6 was accomplished through several interim weekly adjournments. J.A. 95.

## ANALYSIS

**I.     Denial of Further Discovery**

5

The district court denied the Bramlages the opportunity to conduct further discovery on the ground that they had not fully complied with Rule 56(f) of the Federal Rules of Civil Procedure. The Bramlages argue that the district court erred in entering summary judgment without affording them the opportunity for further discovery.

The Sixth Circuit generally applies the abuse of discretion standard to a district court's decision to deny discovery whether such request was made on a motion or by a Rule 56(f) affidavit. *See Plott v. General Motors Corp.,* 71 F.3d 1190, 1196-97 (6th Cir. 1995). When deciding upon a motion for summary judgment, Rule 56(f) allows the court to order discovery if it "should . . . appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." This Court has stressed that "[t]he importance of complying with Rule 56(f) cannot be overemphasized." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Id.* at 488 (internal citations omitted). Furthermore, we have held that:

> It is not an abuse of discretion for the district court to deny the discovery request when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered." *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999). It is also not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity." *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989).

*Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).

6

Application of the foregoing factors to the facts of this case reveals that the district court did not abuse its discretion in denying the Bramlages further discovery. The Bramlages' Rule 56(f) affidavit makes only general and conclusory statements and, therefore, lacks the detail and specificity that is required to justify further discovery. As discussed, the affidavit provides only that:

> [I]n order to properly defend such a motion, the Plaintiffs must embark on and complete discovery, which will include subpoenas duces tecum directed to the Wayne County Sheriff's Department and depositions of their employees. Further, depositions must be taken of the employees of Trott & Trott, P.C. [Wells Fargo's counsel]. Further discovery not contemplated at this time may also be required.

Most significantly, the affidavit fails to indicate how further discovery would assist in attacking the validity of the weekly notices upon which Wells Fargo relies or in demonstrating that the notices were not actually posted on a weekly basis in the municipal building. As the district court properly recognized, if these weekly notices are valid, they are conclusive proof that Wells Fargo complied with section 600.3220. The weekly notices show that notice of the adjournment was provided on a weekly basis and, therefore, was required only to be posted in the place where the sale was to occur. The sheriff's deed stating that the sale was adjourned from August 21 to November 6 is not inconsistent with this conclusion, as it does not preclude the possibility that the overall adjournment was accomplished through interim weekly adjournments. Because the Bramlages' Rule 56(f) affidavit failed to identify with any specificity how additional discovery would permit them to identify a genuine issue of material fact, the district court did not abuse its discretion in awarding summary judgment without affording the Bramlages additional discovery.

**II.     Are the Weekly Notices Part of the Summary Judgment Record?**

The district court granted Wells Fargo's motion for summary judgment on the ground that Wells Fargo provided evidence in the form of weekly notices to prove that it complied with MCL 600.3220.  The Bramlages argue that the district court erred in considering the weekly notices of adjournment proffered by Wells Fargo as part of the summary judgment record.

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Bramlages contend that because the weekly notices do not qualify as pleadings, depositions, answers to interrogatories, admissions or affidavits, they may not be considered on summary judgment.

Courts regularly consider a variety of documents, including documents outside the types of evidence specifically listed in Rule 56(c), in ruling upon a summary judgment motion.  Legal commentators have recognized that "[d]ocuments are routinely considered in Rule 56 motions and the omission of them in Rule 56(c)'s listing of summary judgment evidence must be considered nothing more than an oversight.  The inclusion of documentary evidence as a legitimate form of summary judgment input should be seen as uncontroversial."  Edward Brunet, *Summary Judgment Materials*, Federal Rules Decisions (May 1993).  "[N]o fruit of discovery should be barred from routine and regular use as the evidence needed to decide if issues exist for trial.  Accordingly, it is not surprising that case law interpreting Rule 56 routinely accepts the use of documents obtained from discovery or pretrial investigation as legitimate proof in summary judgment disposition."  *Id.* (collecting cases).  *See also Hughes v. Joliet Corr. Ctr.*, 931

8

F.2d 425, 428 (7th Cir. 1991) (holding that medical records attached to defendants' motion for summary judgment were "appropriately considered in a summary judgment proceeding" because they "are admissible in evidence"); *cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that evidence presented in connection with a motion for summary judgment need not be presented "in a *form* that would be admissible at trial") (emphasis added).

The district court expressly ruled that the weekly notices were "appropriate documents;" it explained that the notices were "exhibits in and of themselves and they are appropriate to be submitted in a motion for summary judgment." J.A. 95. Therefore, we find that the district court committed no abuse of discretion in considering the evidence Wells Fargo provided in support of its motion for summary judgment.

### III. Existence of Question of Fact

The Bramlages' final argument is that summary judgment was inappropriate because a fact question exists as to whether the foreclosure sale was adjourned once from August 21 to November 6, as the Bramlages maintain the sheriff's deed indicates, or whether the sale was adjourned on a weekly basis, as Wells Fargo maintains the weekly notices indicate. As previously discussed, the sheriff's deed includes only a general statement that the foreclosure sale was adjourned from August 21 to November 6. This statement, as the district court recognized, is undoubtedly true and is not inconsistent with the weekly notices proffered by Wells Fargo. Contrary to the Bramlages' assertions, the sheriff's deed does not preclude the possibility that the ultimate adjournment from August 21 to November 6 was accomplished through interim weekly adjournments. No genuine dispute exists that there were, in fact, interim

9

weekly adjournments and that notice of the adjournments was properly posted in the municipal building.  Accordingly, we hold that the district court did not err in concluding that Wells Fargo is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.