NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0334n.06
Filed: April 29, 2005

No. 03-2089

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| FLORENCE SHORT, Personal Representative of the Estate of Jonathon Cross, deceased, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) ) | |
| OAKS CORRECTIONAL FACILITY, et al., | ) ) | |
| Defendants-Appellees. | ) | |

**Before:** **DAUGHTREY and SUTTON, Circuit Judges; FORESTER, District Judge.**[*]

**KARL S. FORESTER, Chief District Judge.** The Plaintiff-Appellant in this § 1983 action alleges that the defendants were deliberately indifferent to her son's serious medical needs while he was incarcerated, in violation of his Eighth Amendment rights, and appeals the district court's grant of the defendants' motions for summary judgment prior to the taking of any discovery. We **AFFIRM** the district court's decision.

**BACKGROUND**

Plaintiff-Appellant Florence Short is the mother and personal representative of the estate of her son, Jonathan Cross ("Cross"). On May 10, 2000, at approximately 2:00 p.m., Cross, a

---

[*] The Honorable Karl S. Forester, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

24-year old inmate at the Oaks Correctional Facility ("Oaks") in East Lake, Michigan, began experiencing what the Plaintiff-Appellant describes as "obvious signs and symptoms" of a serious medical condition. Cross was seen by various personnel at Oaks, and was ultimately transported by ambulance to the West Shore Hospital Emergency Room, where he arrived at approximately 1:10 a.m. that night. At 1:35 a.m., Cross suffered cardiac arrest and was pronounced dead at 2:02 a.m. An autopsy revealed that Cross had severe heart disease and had suffered at least two prior heart attacks.

Plaintiff-Appellant originally filed suit against Duane Waters Hospital, a healthcare facility operated by the Michigan Department of Corrections, and Oaks, as well as a number of Oaks administrators, employees, and medical personnel. In this complaint, filed on November 19, 2002, the Plaintiff-Appellant alleged violation of her son's Eighth Amendment rights based on deliberate indifference to his serious medical needs, and brought several claims under 42 U.S.C. § 1983. The Plaintiff-Appellant also claimed a number of violations of Michigan state law.

In response to the original complaint, the state entities and the Oaks employees filed a motion to dismiss and/or for summary judgment, arguing that as to the nurses named in the complaint, Plaintiff-Appellant had not stated any allegations against them at all, not even to mention their names. The defendants also argued that the two state governmental entities, the hospital and Oaks, had immunity from suit pursuant to the Eleventh Amendment, and that the remaining defendants were entitled to dismissal based on qualified immunity. These motions were supported by affidavits and documentation.

According to Plaintiff-Appellant, she was still in the process of serving the individual

defendants with the complaint when the defendants filed their motions. Thereafter, the Plaintiff-Appellant filed an amended complaint on March 17, 2003, which omitted the state entities (the hospital and Oaks) as defendants, as well as Warden David Gundy, and added allegations in the body of the complaint regarding the two nurses named as defendants, Addie Briske, R.N., and Anita Young, R.N. The Plaintiff-Appellant also served the defendants with a discovery request on March 19, 2003. In response to the amended complaint, Defendants-Appellees Briske and Young filed a motion for summary judgment. That same day, the Oaks employees filed a motion to stay discovery until the court had issued a decision on the pending dispositive motions.

The Plaintiff-Appellant filed responses to the pending dispositive motions on May 8, 2003. She apparently did not respond to the Oaks defendants' motion to stay discovery. In her responses in the district court, she essentially argued that courts have routinely held that it is premature to grant a motion for summary judgment prior to the conclusion of discovery and requested that she be given an opportunity to conduct discovery prior to any ruling. She also requested oral argument on the motions. The Plaintiff-Appellant did not make any further motion or file any affidavit detailing her need for additional discovery in the case.

On July 16, 2003, without hearing oral argument, the district court entered judgment in favor of the defendants, holding that no reasonable jury could find on the evidence presented that the defendants had violated Cross's constitutional rights or acted in gross negligence. This appeal followed.

In this appeal, the Plaintiff-Appellant asserts that (1) the district court abused its discretion in granting the defendants' motions to dismiss and/or for summary judgment without allowing any opportunity for discovery; (2) the district court erred in granting the individual

defendants' summary judgment based on qualified immunity; (3) the district court erred in finding that the defendants were not deliberately indifferent to Cross's serious medical needs; (4) the district court erred in granting the nurses' motion to dismiss where Plaintiff-Appellant had filed an amended complaint; (5) the district court erred in dismissing Plaintiff-Appellant's claims for failure to train without allowing any opportunity for discovery; and (6) the district court erred in dismissing the state law claims because there was a genuine issue of material fact as to whether the defendants were grossly negligent.

## ANALYSIS

### *The District Court's Decision to Rule on Motions Without Permitting Discovery*

We review a district court's decision to enter summary judgment without allowing additional discovery for abuse of discretion. Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004); Vance v. United States, 90 F.3d 1145, 1149 (6th Cir. 1996).

The Plaintiff-Appellant's primary argument on appeal is that the district court erred in ruling on the defendants' motions for summary judgment before any discovery had been taken and without providing her an opportunity to conduct discovery. Rule 56 of the Federal Rules of Civil Procedure permits a defending party "***at any time***, [to] move with or without supporting affidavits for a summary judgment in the party's favor . . . ." Fed. R. Civ. P. 56(b) (emphasis supplied). Thus, the rule contemplates that a defending party may move for summary judgment even before any discovery has been taken. However, it accounts for this possibility in subsection (f), which states as follows:

> **(f) When Affidavits are Unavailable.** Should it appear *from the affidavits of a party opposing the motion* that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the

-4-

application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken ***or discovery to be had*** or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphases supplied). This subsection of the rule provides a mechanism for a plaintiff and the courts to give effect to the well-established principle that "the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." Ball, 385 F.3d at 719 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229, 231-32 (6th Cir. 1994)).

In deciding whether the district court improperly denied a plaintiff a full opportunity to conduct discovery, the Ball panel noted the following:

> The district court's decision to deny further discovery is, however, generally unreviewable unless the appellant has filed "a Rule 56(f) affidavit or a motion that gives the district court a chance to rule on the need for additional discovery." *Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196 (6th Cir. 1995). "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000).

Ball, 385 F.3d at 720. In other words, a plaintiff opposing a motion for summary judgment cannot simply argue that it needs more discovery – instead, the plaintiff must file a Rule 56(f) affidavit or a motion that indicates to the district court "what material facts it hopes to uncover" by the additional discovery requested.

> It is not an abuse of discretion for the district court to deny the discovery request when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the

[document] to be discovered." *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999). It is also not an abuse of discretion to reject a Rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity." *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989).

Id.

In the present case, the Plaintiff-Appellant filed a response to the motions for summary judgment, but did not file a Rule 56(f) affidavit and did not file a motion giving the district court a chance to rule on the need for additional discovery. In her response to the nurses' motion, the Plaintiff-Appellant requested oral argument and stated in relevant part the following:

> Courts have routinely held that it is premature to grant a Motion for Summary Judgment prior to the conclusion of discovery. In *Young v. Jamrog,* 172 F. Supp.2d 919 (E.D. Mich 2001) the court denied the Defendant's Motion for Summary Judgment where no discovery had been taken. The Court concluded that Plaintiff should be given an opportunity to develop their case.
>
> Discovery has just started in this case. On March 19, 2003 Plaintiff served their [sic] First Interrogatories and Plaintiff's Request for Production of Documents upon Defendants. To date, Plaintiff has not received a response to the discovery. Additionally, no depositions have been taken in this case.
>
> Defendants argue that neither Nurse Young and [sic] Nurse Briske were deliberately indifferent to Jonathon Cross' [sic] serious medical needs, nor did they engage in conduct that was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted. Plaintiff respectfully submits that before this Honorable Court rule on these issues presented, that Plaintiff be afforded the opportunity to conduct adequate discovery of the case.

(J.A. at 162, citations omitted.)[1] At most, the Plaintiff-Appellant simply requested that she be given the opportunity for adequate discovery in the case, but did not request any specific discovery and did not in any way state what material facts she hoped to uncover as a result of additional discovery.

---

[1] Plaintiff-Appellant offered essentially the same response in opposing the other defendants' motion for summary judgment. (J.A. at 181.)

Based on the above, we find that the district court did not abuse its discretion in ruling on the motions for summary judgment without permitting Plaintiff-Appellant to engage in discovery. The Plaintiff-Appellant did not file an affidavit or motion asking for additional discovery,[2] and while her response did generally indicate her need for discovery and why discovery had not yet taken place, it did not "state how any discovery would have shed further light on the issue" of deliberate indifference. Ball, 385 F.3d at 721. In the face of the motions for summary judgment – which were supported by affidavits and other evidentiary documentation – the Plaintiff-Appellant was required to come forward with more than a general and conclusory statement regarding the need for discovery.

The Plaintiff-Appellant argues that the district court erroneously relied on cases involving situations where at least *some* discovery had been conducted and the precise issue was whether *additional* discovery should have been permitted. She asserts that this case is factually dissimilar in that *no* discovery was permitted. However, this is a distinction without a difference. There is nothing in the language of Rule 56(f) to differentiate between these two factual situations; regardless of when the defendants filed a motion for summary judgment, the civil rule and the applicable rulings by this court required the Plaintiff-Appellant to file an affidavit setting forth "to the district court [her] need for discovery, what material facts [she] hope[d] to uncover, and why [she had] not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000). The Plaintiff-Appellant did not satisfy

---

[2] This court has suggested that failure to file a motion or Rule 56(f) affidavit will be excused where the opposing party nonetheless explains its need for discovery to the district court. Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, 280 F.3d 619, 627-28 (6th Cir. 2002).

this burden in the present case.

The main case that Plaintiff-Appellant relies upon does not require a different conclusion. In White's Landing Fisheries, Inc. v. Buchholzer, 29 F.3d 229 (6th Cir. 1994), a separate panel of this court held that "summary judgment should not have been awarded until the plaintiffs were allowed some opportunity for discovery" and that "a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery." Id. at 231, 232. As noted by a subsequent panel, "[t]he non-movant bears the obligation to inform the district court of its need for discovery, however." Abercrombie & Fitch Stores, Inc., 280 F.3d at 627. Fairness does not blindly require a district court to grant a non-movant an opportunity for discovery where, as here, the non-movant does not in any detail describe what discovery she needs or what material facts she hopes to discover. It is not enough to state that discovery is needed without explaining *why* it is needed. Because the Plaintiff-Appellant did not comply with either the technical or the substantive aspects of Rule 56(f), we find that the district court did not abuse its discretion in ruling on the motions when it did.

The district court was further justified in ruling on the summary judgment motions when it did because the motions raised the threshold issue of qualified immunity. In Saucier v. Katz, 533 U.S. 194 (2001), the United States Supreme Court emphasized that qualified immunity is "*immunity from suit* rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." Id. at 200-01 (citations omitted) (emphasis in original). As later stated by this court,

> when faced with a motion based on qualified immunity, a district court can not [sic] avoid ruling on the issue. *See e.g.*, *Skousen v. Brighton High School*, 305 F.3d 520 (6th Cir. 2002). In the case of *Skousen v. Brighton High School,* we

concluded that a district court committed legal error in dismissing a motion for summary judgement based on qualified immunity solely because discovery was not complete. *See Skousen,* 305 F.3d 520 (6th Cir. 2002). We held that, because the defense of qualified immunity is a threshold question, if the defense is properly raised prior to discovery, the district court has a duty to address it. *Id.*

> Rather than dismiss the [summary judgment] motion because discovery was not complete, the district court was required to determine--prior to permitting further discovery--whether [Plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation.

*Id.* at 527. Only after the court inquires into whether any facts material to Plaintiff's claims are genuinely at issue, and only upon a finding that material facts are in fact in dispute is a court at liberty to hold a motion for summary judgment in abeyance pending additional discovery. *Id.*

Summers v. Leis, 368 F.3d 881, 886 (6th Cir. 2004). The plaintiff in Skousen failed to respond to the defendants' motion for summary judgment on the issue of qualified immunity and failed to file a Rule 56(f) affidavit explaining her inability to file affidavits in opposition to the defendants' motion. Faced with similar circumstances in the present case, the district court found that there were no facts material to Plaintiff-Appellant's claims that were genuinely at issue and, therefore, it was proper to consider the motions prior to discovery.

### *Merits of the Federal Claims*

On the merits of the Defendants-Appellees' motion for summary judgment, the Plaintiff-Appellant asserts that (1) the district court erred in granting the individual defendants summary judgment based on qualified immunity; (2) the district court erred in finding that the defendants were not deliberately indifferent to Cross's serious medical needs; (3) the district court erred in granting the nurses' motion to dismiss where Plaintiff-Appellant had filed an amended complaint; and (4) the district court erred in dismissing the state law claims because there was a genuine issue of material fact as to whether the defendants were grossly negligent.

Addressing the first issue, in the court below, the Defendants-Appellees argued that they were shielded from liability under 42 U.S.C. § 1983 by the doctrine of qualified immunity. The district court found that no reasonable jury could find that the Defendants-Appellees were deliberately indifferent to Cross's serious medical needs and, therefore, granted summary judgment. (J.A. at 258-267.) Upon assessing the Defendants-Appellees' conduct under the standards of qualified immunity, we reach the same conclusion.

This court has described the analysis courts must take in a qualified immunity case as follows:

> Qualified immunity involves a three-step inquiry. First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir. 1999) (en banc) (citing *Dickerson v. McClellan,* 101 F.3d 1151, 1158 (6th Cir. 1996)); *see also Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003). One of the ultimate issues in this case is whether the Defendants-Appellees were deliberately indifferent to Cross's serious medical needs in violation of the Eighth Amendment and § 1983. Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we find that the Plaintiff-Appellant failed to show that a constitutional violation against Cross occurred. Because the reasoning which supports this conclusion has been articulated by the district court in an extensive opinion, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. (J.A. at 252-66.) Likewise, we find that the Plaintiff-Appellant's claim for failure to

train fails for the reasons set forth in the district court's opinion. (J.A. at 266.) Accordingly, we affirm that portion of the district court's Opinion upon the reasoning employed by the district court in its Opinion dated July 16, 2003.

### *State Law Claim*

The Plaintiff-Appellant also asserts that the district court erred in dismissing her claim under Michigan law that the Defendants-Appellees were grossly negligent with respect to Cross. Again, because the reasoning by the district court has been articulated in an extensive opinion, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. (J.A. at 266-67.) We affirm this portion of the district court's Opinion dated July 16, 2003.

### CONCLUSION

Based on the above, we **AFFIRM** the Opinion of the district court dated July 16, 2003.