Shaneka WILLIAMS, et al., Plaintiffs,

v.

**MUCCI PAC, U.S.A., LTD.,
et al., Defendants.**

Case No. 13–10111.

United States District Court,
E.D. Michigan,
Southern Division.

July 10, 2013.

Anthony D. Paris, John C. Philo, Maurice and Jane Sugar Law Center, Detroit, MI, for Plaintiffs.

Davidde A. Stella, Mark C. Knoth, Kerr, Russell and Weber, PLC, Detroit, MI, for Defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
#### (docket no. 12)

STEPHEN J. MURPHY, III, District Judge.

In this putative class action, plaintiffs Shaneka Williams, Ahmonique Brown, and Sandra Mitchell ("Plaintiffs") brought suit against defendants Mucci Pac U.S.A., Ltd., Mucci Pac Ltd., and Mucci Farms Ltd. for violation of the federal Worker Adjustment and Retraining Notification Act (the "WARN Act"), 28 U.S.C. §§ 2101–2109. Mucci Pac Ltd. and Mucci Farms Ltd. are Canadian entities; Mucci Pac U.S.A., Ltd. ("Mucci Pac") is an American entity. The Canadian defendants have filed two motions to dismiss, for insufficient service of process, and lack of personal jurisdiction, that remain pending. *See* ECF Nos. 11 and 20. The matter before the Court is the Mucci Pac U.S.A. defendant's motion for summary judgment. ECF No. 12. The Court finds a hearing unnecessary to resolve the motion. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant the motion, which will dispose of Plaintiffs' claim and close the case.

### BACKGROUND

Plaintiffs are former employees of Mucci Pac, a produce packaging facility located in Taylor, Michigan. Mucci Decl. ¶ 3, ECF No. 12–2. Plaintiffs contend that Mucci Pac, acting as a "single employer" with the Canadian defendants, engaged in a mass layoff at the Taylor facility without providing the notice to employees required by WARN Act. Specifically, Plaintiffs contend that on November 2, 2011, Mucci Pac terminated forty-five workers; on November

16, 2011, it terminated nineteen workers; and between November 17, 2011 and January 17, 2012, it terminated an additional seven workers. Thomas Affidavit ¶¶ 16–24, ECF No. 15–2. Tracking the requirements of the WARN Act, Plaintiffs contend that "said terminations affected more than fifty (50) workers who comprised more than thirty-three (33%) of the employees at the Taylor facility," and that "prior to their termination, they and the other Class members did not receive written notice at least sixty (60) days in advance of the termination of their employment." Resp. 10, ECF No. 15; *see also* 29 U.S.C. § 2101(a)(3)(B).

## LEGAL STANDARD

Mucci Pac moves to dismiss under Civil Rule 12(b)(6), or in the alternative, for summary judgment under Civil Rule 56. *See* Fed.R.Civ.P. 12; Fed.R.Civ.P. 56. The Court will resolve the motion under Civil Rule 56. *See* Fed.R.Civ.P. 12(d) (providing that if, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a "reasonable opportunity" to present pertinent materials). "The 'reasonable opportunity' language of Rule 12[ (d) ] is designed to prevent unfair surprise." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975). But Plaintiffs cannot claim unfair surprise when the motion itself put Plaintiffs on notice that Mucci Pac sought summary judgment, and both parties submitted for the Court's consideration matters outside the pleadings. *Id.* (finding no unfair surprise where nonmovant filed its own affidavits in response); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir.2004) ("They had notice that the district court might treat the motion as one for summary judgment because such a

motion was actually filed, and they responded to it.").

The Court will also not delay resolution of the motion pending discovery. A motion for summary judgment may be filed at any time prior to 30 days after the close of discovery. Fed.R.Civ.P. 56(b); *see also Short v. Oaks Corr. Facility*, 129 Fed. Appx. 278, 280 (6th Cir.2005) (noting that the Rule "contemplates that a defending party may move for summary judgment even before any discovery has been taken."). If a nonmovant requires additional discovery to properly defend against a motion for summary judgment, it may request more time by showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d); *see also Short*, 129 Fed.Appx. at 281 (6th Cir.2005) ("This subsection of the rule provides a mechanism for a plaintiff and the courts to give effect to the well-established principle that 'the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.'") (citations omitted). The court may then defer consideration of the motion, deny it, allow time for discovery, or enter any other appropriate order. *Id.*

Plaintiffs refer to Civil Rule 56(d) in their Response, but they have not submitted any affidavit or declaration to support a request for discovery. *See CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 345 (6th Cir.2011) ("Without CareToLive having filed a proper affidavit, the district court did not abuse its discretion by denying discovery."). Moreover, they state that they believe the evidence before the Court is sufficient to survive a motion for summary judgment. *See* Resp. 11 ("[T]he current evidence offered is such that a reasonable jury could return a verdict for the Plaintiffs."). Accordingly, the Court

838

will decide the motion on the evidence before it.

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Comm'n,* 968 F.2d 606, 608 (6th Cir.1992). A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984). Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

## DISCUSSION

■ Mucci Pac argues that Plaintiffs' claim should be dismissed because Mucci Pac did not have a sufficient number of employees 60 calendar days prior to the layoffs to trigger WARN Act coverage.[1] The Court agrees.

The WARN Act requires covered employers to provide written notice to employees sixty days in advance of plant closings or mass layoffs. *See* 29 U.S.C. § 2102(a). The Act applies only to employers who had 100 or more employees, "excluding part-time employees," at the time that notice should have issued. *See* 20 C.F.R. § 639.3 ("The term 'employer' means any business enterprise that employs—(i) 100 or more employees, excluding part-time employees[.]"); 20 C.F.R. § 639.5(a)(2) ("The point in time at which the number of employees is to be measured for the purpose of determining coverage is the date the first notice is required to be given."). A "part-time" employee under the Act is one "who is employed for an average of fewer than 20 hours per week or who has been employed for fewer than 6 of the 12 months preceding the date on which notice is required, including workers who work full-time." 20 C.F.R. § 639.3(h). In this case, notice would have been due on September 3, 2011, which was 60 days prior to the first contested layoffs. *See* 20 C.F.R. § 639.5(a)(1) ("When all employees are not terminated on the same date, the date of the first individual termination within the statutory 30–day or 90–day period triggers the 60–day notice requirement.").

Mucci Pac states that it is not an employer under the Act because as of September 3, 2011, it had fewer than 100 full-time employees. In support, it submits payroll records as of that date, as well as the declaration of Danni Mucci, Mucci Pac's vice president, describing the payroll

---

1. In a second argument, Mucci Pac contends that plaintiff Ahmonique Brown cannot state a claim under the WARN Act because she was terminated for cause, and not as part of a mass layoff. Because, as discussed below, the Court finds that Mucci Pac is not an employer under the Act, the Court will not address this argument.

records. *See* Mucci Decl., ECF No. 12–2; Employee Records, ECF No. 12–3; Employee Information Chart, ECF No. 12–4. The payroll records show each employee's date of hire. Taken collectively, they show that on September 3, 2011, Mucci Pac had only thirty full-time employees; the remaining employees had all been hired within the previous six months, and could therefore be only "part-time employees" under the Act.

Plaintiffs have not pointed to any evidence that creates a factual dispute on this point. They submit an affidavit from Johanna Javeene Thomas, a Human Resources Coordinator at Mucci Pac. *See* Thomas Aff. Thomas states that David Craig became the plant manager at Mucci Pac on September 7, 2011, and that "[p]rior to coming to Mucci Pac," Craig worked for Mastronardi Produce. Thomas Aff. ¶¶ 7–8. She further states that "[a]t the time David Craig began working at Mastronardi, there were approximately 110 full-time employees at the Taylor facility that were on the payroll." *Id.* at ¶ 14. But the affidavit does not state when Craig began working at Mastronardi. Accordingly her statement supports, at most, the conclusion that at some unspecified time in the past the Taylor facility employed more than 110 full-time employees.

Moreover, Thomas's statement that Mucci Pac employed approximately 110 "full-time employees" is not clearly on point. A "full-time" employee, in the usual sense of that term, could nonetheless be a "part-time employee" under the Act, if he or she had not worked for more than six of the prior twelve months. *See* 20 C.F.R. § 639.3(h). Thomas does not testify that she used the term to exclude "part-time" employees under the Act, nor did she testify regarding whether any of the 110 "full-time" employees had worked for more than six of the prior twelve months as of September 3, 2011.

■ Finally, the affidavit suffers from an additional, likely fatal, defect in that Thomas states that at least some portion of her testimony is based "on information and belief," rather than personal knowledge. *See* Thomas Aff. ¶ 28. Specifically she states, "I declare under penalty of perjury that the foregoing is true and correct, *except as to the matters stated to be on information and belief,* and as to those matters, I believe them to be true and correct." *Id.* (emphasis added). She does not indicate anywhere in the affidavit, however, which portion of her testimony is made "on information and belief." This renders the entire affidavit, with the exception of Thomas's statements that plainly describe her own actions, inadmissible. *See* Fed.R.Civ.P. 56(c)(4) (providing that affidavits used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated."); *see also Alpert v. United States,* 481 F.3d 404, 409 (6th Cir.2007) (holding that the affiant's "statement . . . based upon his 'belief' . . . did not demonstrate the personal knowledge required by" Civil Rule 56(c)(4)).

Plaintiffs also argue that the September 3, 2011 "snapshot" of Mucci Pac's employments numbers is not representative of its ordinary or average employment level. Generally, a "snapshot" of employment as of the date of notice is sufficient under the Act. *See* 20 C.F.R. § 639.5(a)(2). As Plaintiffs argue, however, § 639.5 provides that "[i]f this 'snapshot' of the number of employees employed on that date is clearly unrepresentative of the ordinary or average employment level, then a more representative number can be used to determine coverage." *Id.* Plaintiffs do not provide

any reasons for their assertion that the September 3, 2011 snapshot is clearly unrepresentative of Mucci Pac's ordinary employment level, nor do they point to any evidence to support the contention.

 Finally, Plaintiffs argue that the Canadian defendants and Mucci Pac are a "single employer" under the Act, and that "[w]orkers at 'foreign' sites of employment are counted to determine whether the employer is covered under the WARN Act," Resp. 13 (citing 20 C.F.R. § 639.3(i)(7)). But this argument is disingenuous. Plaintiffs omit a key element of § 639.3(i)(7). Stated in full, the relevant portion of the regulation provides that "*U.S. workers* at [foreign sites of employment] are counted to determine whether an employer is covered as an employer under [the Act]." 20 C.F.R. § 639.3(i)(7). Plaintiffs do not allege that any U.S. workers are located at the Canadian defendants' sites, and in his declaration, Mucci states that there are none there. Mucci Decl. ¶ 11. Plaintiffs have not pointed to any evidence to contradict his testimony.

Accordingly, for all of the foregoing reasons, the Court finds that Plaintiffs have not met their burden to demonstrate that a genuine issue exists for trial with respect to Mucci Pac's liability under the WARN Act. The Court will grant Mucci Pac's motion for summary judgment and enter judgment, closing the case.

### ORDER

**WHEREFORE** it is hereby **ORDERED** that the motion for summary judgment (docket no. 12) is **GRANTED**.

**SO ORDERED.**